## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

**CHARLES MARCHIO LOWERY,**

   **Plaintiff,**

**v.**                                                 **Case No.**   7:20-cv-543

**EDWARD VIA VIRGINIA COLLEGE OF**           **JURY TRIAL DEMAND**
**OSTEOPATHIC MEDICINE,**

   **SERVE:**

   **John G. Rocovich, Esq.**
   **Registered Agent, Treasurer,**
      **and Chairman**
   **Edward Via Virginia**
      **College of Osteopathic Medicine**
   **4415 Electric Road**
   **Roanoke, VA 24018**

   **Defendant.**

### COMPLAINT

   The above-named Plaintiff, Charles Marchio Lowery ("Mr. Lowery" or "Plaintiff"), by counsel, states as his Complaint against Defendant Edward Via Virginia College of Osteopathic Medicine ("VCOM" or "Defendant"), the following:

### I. JURISDICTION

   1. This Court has jurisdiction over this matter as it arises from the federal questions presented by the Rehabilitation Act of 1973, as amended, and as codified under 29 U.S.C. §§ 701 *et seq.* ("Rehab Act") and Titles II and III of the Americans with Disabilities Act of 1991, as amended, and as codified at 42 U.S.C. §§ 12101 *et seq.*

1

("ADA").  *See generally* 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(4).

2.   This Court also possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as Mr. Lowery pleads as an alternative claim a violation of the Virginians with Disabilities Act, as codified at Va. Code Ann §§ 51.5-1 *et seq.* ("VDA"). This claim arose from the same basis of operative fact and same controversies under the law as Mr. Lowery's claims pursuant to the Rehab Act and ADA.  Pursuant to 28 U.S.C. § 1367(a), these claims are so related to claims involving original jurisdiction that they form part of the same case or controversy.

3.   Venue is appropriate, as the acts and/or omissions of VCOM from which the causes of action arise occurred in Montgomery County, Virginia, within the Western District of Virginia, Roanoke Division.  *See* 28 U.S.C. §1391(b)(2).

4.   Due to its incorporation under the laws of the Commonwealth of Virginia, its principal place of business existing within the Commonwealth of Virginia, and due to its contacts within the Commonwealth of Virginia, this Court has personal jurisdiction over VCOM.

5.   Mr. Lowery sent VCOM a timely notice under the VDA, attached hereto as **EXHIBIT A**.

## II. THE PARTIES

6.   Mr. Lowery, a qualified individual with a disability, to-wit, a traumatic brain injury, was a medical student at VCOM.

7.   Mr. Lowery was a resident of Blacksburg, Virginia at all times relevant to this Complaint.

8.  VCOM is a medical school that provides medical training to individuals who meet its admission and curricular requirements.  VCOM's campus is located within Montgomery County, Virginia. As a medical school, VCOM receives federal funds from federal student loans and/or federal grant programs.

### III.  FACTUAL ALLEGATIONS

9.  Mr. Lowery was a full-time medical student at VCOM until his unlawful dismissal, on or about November 14, 2019.

10.  Any reasons cited by VCOM for Mr. Lowery's dismissal from VCOM were pretextual, as Mr. Lowery could meet all legitimate curricular qualifications with and/or without accommodation.

11.  At all times relevant to this Complaint, Mr. Lowery had a disability, traumatic brain injury (TBI). Mr. Lowery's TBI affected various life activities, including, but not limited to, concentrating, learning, thinking, remembering, and sleeping. Mr. Lowery's TBI affected major bodily systems, including, but not limited to, his brain and nervous system. Another physical manifestation of Mr. Lowery's TBI is sudden, intense, and unpredictable migraine headaches.

12.  Mr. Lowery was able to perform all essential elements of the VCOM curriculum, whether with an accommodation or without an accommodation, as the particular element of the curriculum required.

13.  The VCOM curriculum is similar to other medical school curricula. VCOM's first two years are divided into eight "blocks" of classes. Grades are determined based upon performance on exams.  Some courses contain only one exam while others may have

two or three exams.  The final two years of the curriculum are divided into various clinical rotations.

14. In 2016, prior to his matriculation at VCOM, Mr. Lowery received various accommodations, pursuant to the Rehab Act and/or ADA to take the Medical College Admission Test ("MCAT"), due to his TBI.  Mr. Lowery shared his disability with VCOM during the application and interview process.

15. Shortly after matriculating at VCOM, on or about July 30, 2018, Mr. Lowery initiated the application for reasonable accommodations process with the VCOM Center for Institutional Faculty and Student Success ("CIFSS"). Mr. Lowery relied on the advice of his advisor, Robert Campbell, Director for Student and Institutional Success, Virginia Campus.

16. On or about August 6, 2018, Mr. Campbell inquired with Mr. Lowery about the status of his accommodation request application. Mr. Lowery stated that he was confused why he was not being asked to supply medical documentation, as the MCAT had required such documentation.

17. Mr. Campbell advised that Mr. Lowery's "two Neuropsych testing results [supplied when Mr. Lowery provided his ADA 504 Application to Mr. Campbell] should be more than enough." Mr. Campbell later added "a person with half of your documentation would get accommodations at any other school, but I'm not sure if you will be granted [accommodations] here."

18. On or about August 14, 2018, Mr. Lowery submitted his formal request for reasonable academic accommodations, due to his TBI, to the CIFSS. In his application,

4

Mr. Lowery requested additional time in which to complete tests, have a quiet testing environment, and have breaks, as needed, for headache symptoms.

19. None of Mr. Lowery's accommodation requests altered the VCOM curriculum and are generally in line with accommodations provided by an educational institution.

20. Unfortunately, unknown to Mr. Lowery, his August 14 accommodations application was completed incorrectly. Mr. Campbell supplied Mr. Lowery with inaccurate information on how to complete his accommodations application, such as not needing medical evidence and advising Mr. Lowery to slide the completed application under Mr. Campbell's door.  Mr. Lowery felt uncomfortable submitting the documentation in such an informal way and instead delivered the documentation to Deborah Borne, Director for Faculty and Staff Development.

21. Mr. Lowery believed that Mr. Campbell's August 6 comments and misinformation on the reasonable accommodations application was a deliberate attempt by VCOM to deny his accommodations, despite Mr. Lowery's demonstrable need.

22. On or about August 28, 2018, Mr. Lowery received verbal notification from Mr. Campbell and Vice Provost Dr. Debbie West that his accommodations request was denied "due to lack of medical evidence." Mr. Campbell and Dr. West provided "suggestions" to Mr. Lowery about what medical documentation "might be missing."

23. Dr. West further commented that the VCOM Accommodation Committee "did not want to read" Mr. Lowery's medical record documenting his TBI, which ran approximately 300 pages at the end of August of 2018.

24. On or about September 12, 2018, Mr. Lowery received a formal written denial of his accommodations application, which outlined the necessary medical documentation that was needed for the Accommodations Committee to reconsider his application.

25. On or about September 20, 2018, Mr. Lowery resubmitted his accommodations application with the requested medical records, despite Mr. Campbell's and Dr. West's comments about the same.

26. During the pendency of his reapplication for reasonable accommodation, on or about the end of September of 2018, Mr. Lowery met with Mr. Campbell. Mr. Campbell advised Mr. Lowery that he would likely be dismissed from VCOM when the Promotion Board convened in October. At that time, Mr. Lowery had been unsuccessful on some of his final exams, due to the lack of reasonable accommodations outlined in his application.

27. To Mr. Lowery's knowledge, the Accommodation Committee, up until the end of September of 2018, had not considered the merits of his accommodations application.

28. On or about October 5, 2018, Mr. Lowery went before the Promotion Board to determine his continued enrollment at VCOM. Promotion Board meetings routinely last approximately ten (10) minutes.

29. However, Mr. Lowery's meeting with the Promotion Board lasted approximately fifty (50) minutes. During that time, Mr. Lowery was grilled by the members of the Promotion Board about his disability.

6

30. For example, Chris Reilly, an academic and not an attorney, accused Mr. Lowery of "not disclosing his disability before applying" to VCOM, insinuating that Mr. Lowery would not have gained admission to VCOM because he has a disability.  In fact, Mr. Reilly asked Ms. Whitney Stoke, Vice President for Student Services, "Is this not a check box on our application?  Do [students] not have to report a disability to us when applying?" Mr. Reilly further stated that he doubted that Mr. Lowery could ever meet the technical standards of VCOM course work. To the contrary, Mr. Lowery had disclosed his disability in his application for admission to VCOM, during the required admissions interview, and had disclosed his accommodations for taking the MCAT. Further, Mr. Lowery met all qualifications for acceptance to VCOM.

31. After Mr. Lowery's Promotion Board meeting, he received a letter essentially denying him accommodations and requesting that he voluntarily withdraw from VCOM and restart his medical education the following year. Mr. Lowery interpreted the letter as formally dismissing him from VCOM and promptly appealed the dismissal to Dr. Jan Willcox, Dean of VCOM's Virginia campus, pursuant to the medical student grievance policy.

32. On or about October 12, 2018, Mr. Lowery met with Dr. Willcox regarding his appeal from the Promotion Board's determination. Dr. Willcox displayed a disrespectful demeanor towards Mr. Lowery and towards his disability. Dr. Willcox intimated that the -medical, but not legal- "experts" on the Promotion Board did not believe that Mr. Lowery truly had a disability, as "physical manifestations" of a TBI "could be controlled." The meeting with Dr. Willcox lasted approximately fifteen (15)

minutes.

33. Because VCOM had refused to engage in the interactive process or take Mr. Lowery's disability seriously, on or about October 30, 2018, Mr. Lowery's legal counsel sent a letter to VCOM demanding that VCOM accommodate Mr. Lowery's disability under the Rehab Act and/or ADA.

34. Only after Mr. Lowery expended resources on retaining legal counsel did VCOM grant some accommodations to Mr. Lowery. VCOM allowed Mr. Lowery extra time to complete exams, but only if VCOM determined that he needed extra time, and a "quiet and reduced distraction" environment, if possible. Mr. Lowery was allowed to remediate his Block One and Two classes with these accommodations.

35. After receiving accommodations and the ability to remediate his classes with accommodations, Mr. Lowery's GPA jumped to a 3.0, demonstrating his ability to meet the curricular requirements provided by VCOM after being provided some, but not all, accommodations that he requested. When properly accommodated, Mr. Lowery demonstrated he could perform all course work at a satisfactory level.

36. Unfortunately, VCOM's adherence to Mr. Lowery's accommodations plan began to wane in the winter and early spring of 2019.

37. On or about April 4, 2019, Mr. Lowery again went before the Promotion Board. The Promotion Board again recommended Mr. Lowery's dismissal from VCOM.

38. On or about April 10, 2019, Mr. Lowery tendered his appeal of the Promotion Board's decision to dismiss him from VCOM to Dr. Willcox. *See* April 10, 2019 Appeal Letter, attached as **EXHIBIT B**.

39. Unfortunately, on April 25, 2019, Dr. Willcox denied Mr. Lowery's appeal of the Promotion Board's decision.

40. On or about May 1, 2019, Mr. Lowery appealed the Promotion Board and Dr. Willcox's decision to Dr. Dixie Tooke-Rawlins, President of VCOM. *See* May 1, 2019 Appeal Letter, attached as **EXHIBIT C**. Mr. Lowery made several more accommodations requests, including extra time on exams, breaks during exams, and the ability to remediate certain courses with accommodations, when he initially was not provided accommodations. Mr. Lowery made these additional accommodations requests, as some of the accommodations VCOM had implemented were ineffective and/or VCOM was not adhering to already-provided accommodations.

41. Ultimately, after receipt of his May 1, 2019 appeal letter, the Provost allowed Mr. Lowery to continue his enrollment.

42. Throughout the process of seeking accommodations from VCOM, Mr. Lowery faced an aggressive administration, skepticism regarding his disability and need for accommodations, and a general negative attitude towards Mr. Lowery's need for accommodations.

43. On October 29, 2019, Dr. Willcox upheld the Promotion Board's decision to dismiss Mr. Lowery from VCOM.

44. On November 5, 2019, Mr. Lowery appealed Dr. Willcox's decision to Dr. Tooke-Rawlins.

45. On November 15, 2019, Dr. Tooke-Rawlins sent a letter to Mr. Lowery stating that he should seek graduate-level education in a discipline other than medicine.

46. Mr. Lowery would not have been dismissed from VCOM on November 15, 2019 but for VCOM refusing to accommodate Mr. Lowery and/or providing the accommodations that VCOM initially agreed to provide as of October 25, 2018.

47. Mr. Lowery now possesses crushing student loan debt due to his enrollment and dismissal from VCOM.

48. The actions taken by Mr. Campbell, the Accommodations Board, the Promotion Board, Dr. Willcox, and Dr. Tooke-Rawlins were all within the scope of their employment with VCOM, whereby imparting liability on VCOM through the doctrine of *respondeat superior*.

49. VCOM would not have failed to accommodate Mr. Lowery's disability, a TBI, but for its discriminatory animus towards Mr. Lowery's TBI.

50. VCOM would not have discriminated and/or retaliated against Mr. Lowery but for its animus towards Mr. Lowery's disability, a TBI.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT OF 1973

51. Mr. Lowery incorporates by reference herein the preceding paragraphs of this Complaint.

52. Mr. Lowery is a qualified individual with a disability, to-wit, a traumatic brain injury (TBI).   Mr. Lowery's TBI affects major life activities, such as thinking, concentrating, and remembering; it affected major body systems, such as his brain and nervous system.

53. Mr. Lowery was able to perform all aspects of VCOM's educational curriculum with accommodation and/or without accommodation, as the specific aspect of the

curriculum required.

54. VCOM receives federal funding, such as through proceeds of federal student loans and/or federal grants.

55. VCOM discriminated against Mr. Lowery by treating him differently from, and less preferably than, similarly situated non-disabled students and subjecting him to other discriminatory and differential treatment on the basis of his disability.

56. VCOM violated federal law by permitting an educational environment to exist that was discriminatory to Mr. Lowery based on his disability.

57. VCOM would not have dismissed Mr. Lowery, and/or subjected Mr. Lowery to discrimination, and/or taken the other discriminatory actions against Mr. Lowery, but for Mr. Lowery's disability.

58. Prior to Mr. Lowery's dismissal, he performed his course work at a satisfactory level, as evidenced by a GPA of 3.0 after he received some accommodations and met or exceeded VCOM's legitimate educational expectations. When properly accommodated, Mr. Lowery demonstrated he could perform all course work at a satisfactory level.

59. At all times relevant, VCOM retained substantial control over the context in which the discriminatory conduct occurred.

60. Because the actions of VCOM employees were taken within the scope of their employment, VCOM is responsible for their actions based upon the doctrine of *respondeat superior.*

61. As a direct and proximate result of the actions of VCOM, Mr. Lowery has suffered and will continue to suffer pecuniary loss, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

62. At all times material hereto, VCOM engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Lowery so as to support an award of punitive damages.

63. The above-described acts by VCOM constitute disability discrimination in violation of the Rehabilitation Act of 1973, as amended and codified under 29 U.S.C. §§ 701 *et seq.* ("Rehab Act").

### COUNT II: DISCRIMINATION IN VIOLATION OF
### TITLES II AND III OF THE AMERICANS WITH DISABILITIES ACT

64. Mr. Lowery incorporates by reference herein the preceding paragraphs of this Complaint.

65. Mr. Lowery is a qualified individual with a disability, to-wit, a traumatic brain injury (TBI).   Mr. Lowery's TBI affects major life activities, such as thinking, concentrating, and remembering; it affected major body systems, such as his brain and nervous system.

66. Mr. Lowery was able to perform all aspects of VCOM's educational curriculum with accommodation and/or without accommodation, as the specific aspect of the curriculum required.

67. VCOM receives federal funding, such as through proceeds of federal student loans and/or federal grants. VCOM would not have matriculated Mr. Lowery as a student without his payment of tuition, which came, in part, through federal student loans and/or federal grants.

68. VCOM, as an educational institution, is a place of public accommodation, as

12

defined by Title III of the Americans with Disabilities Act.

69. VCOM discriminated against Mr. Lowery by treating him differently from, and less preferably than, similarly situated non-disabled students and subjecting him to other discriminatory and differential treatment on the basis of his disability.

70. VCOM violated federal law by permitting an educational environment to exist that was discriminatory to Mr. Lowery based on his disability.

71. VCOM would not have dismissed Mr. Lowery, and/or subjected Mr. Lowery to discrimination, and/or taken the other discriminatory actions against Mr. Lowery, but for Mr. Lowery's disability.

72. Prior to Mr. Lowery's dismissal, he performed his course work at a satisfactory level, as evidenced by a GPA of 3.0 after he received some accommodations and met or exceeded VCOM's legitimate educational expectations. When properly accommodated, Mr. Lowery demonstrated he could perform all course work at a satisfactory level.

73. At all times relevant, VCOM retained substantial control over the context in which the discriminatory conduct occurred.

74. Because the actions of VCOM employees were taken within the scope of their employment, VCOM is responsible for their actions based upon the doctrine of *respondeat superior.*

75. As a direct and proximate result of the actions of VCOM, Mr. Lowery has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

76. At all times material hereto, VCOM engaged in a discriminatory practice or

practices with malice or reckless indifference to the federally protected rights of Mr. Lowery so as to support an award of punitive damages.

77. The above-described acts by VCOM constitute disability discrimination in violation of Titles II and III of the Americans with Disabilities Act, as amended and codified under 42 U.S.C. §§ 12101 *et seq.* ("ADA").

## COUNT III: DISCRIMINATION AND RETALIATION IN VIOLATION OF THE VIRGINIANS WITH DISABILITIES ACT

78. Mr. Lowery incorporates by reference herein the preceding paragraphs of this Complaint.

79. Mr. Lowery is a qualified individual with a disability, to-wit, a traumatic brain injury (TBI).   Mr. Lowery's TBI affects major life activities, such as thinking, concentrating, and remembering; it affected major body systems, such as his brain and nervous system.

80. Mr. Lowery was able to perform all aspects of VCOM's educational curriculum with accommodation and/or without accommodation, as the specific aspect of the curriculum required.

81. VCOM receives state funding, such as through proceeds of state grants.

82. VCOM discriminated against Mr. Lowery by treating him differently from, and less preferably than, similarly situated non-disabled students and subjecting him to other discriminatory and differential treatment on the basis of his disability.

83. VCOM violated state law by permitting an educational environment to exist that was discriminatory to Mr. Lowery based on his disability.

84. VCOM would not have dismissed Mr. Lowery, and/or subjected Mr. Lowery to

discrimination, and/or taken the other discriminatory actions against Mr. Lowery, but for Mr. Lowery's disability.

85. Prior to Mr. Lowery's dismissal, he performed his course work at a satisfactory level, as evidenced by a GPA of 3.0 after he received some accommodations and met or exceeded VCOM's legitimate educational expectations. When properly accommodated, Mr. Lowery demonstrated he could perform all course work at a satisfactory level.

86. At all times relevant, VCOM retained substantial control over the context in which the discriminatory conduct occurred.

87. Because the actions of VCOM employees were taken within the scope of their employment, VCOM is responsible for their actions based upon the doctrine of *respondeat superior.*

88. As a direct and proximate result of the actions of VCOM, Mr. Lowery has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

89. At all times material hereto, VCOM engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Lowery so as to support an award of punitive damages.

90. The above-described acts by VCOM constitute disability discrimination in violation of the Virginians with Disabilities Act, as amended and codified under Va. Code Ann. §§ 51.5-1 *et seq.* ("VDA").

## COUNT IV: FAILURE TO ACCOMMODATE IN VIOLATION OF
## THE REHABILITATION ACT OF 1973

91. Mr. Lowery incorporates by reference herein the preceding paragraphs of this Complaint.

92. Mr. Lowery is a qualified individual with a disability, to-wit, a traumatic brain injury (TBI).   Mr. Lowery's TBI affects major life activities, such as thinking, concentrating, and remembering; it affected major body systems, such as his brain and nervous system.

93. Mr. Lowery was able to perform all aspects of VCOM's educational curriculum with accommodation and/or without accommodation, as the specific aspect of the curriculum required.

94. VCOM receives federal funding, such as through proceeds of federal student loans and/or federal grants.

95. VCOM failed to accommodate Mr. Lowery's disability when it initially provided Mr. Lowery with incorrect information on how to seek accommodations, discouraged Mr. Lowery from applying for accommodations, delayed formally rejecting Mr. Lowery's accommodations application, and threatened to dismiss Mr. Lowery over "poor performance" because VCOM refused to accommodate Mr. Lowery.

96. VCOM reluctantly agreed to provide nominal accommodations after Mr. Lowery retained legal counsel.

97. VCOM continued to only provide accommodations in its discretion to Mr. Lowery and refused to entertain additional requested accommodations when VCOM's provided accommodations were ineffective.

16

98. VCOM violated federal law by permitting an educational environment to exist that was discriminatory to Mr. Lowery based on his disability. VCOM further violated federal law by selectively applying reasonable accommodations and refusing to consider additional accommodations when Mr. Lowery proposed them.

99. VCOM would not have dismissed Mr. Lowery, and/or subjected Mr. Lowery to discrimination, and/or taken the other discriminatory actions against Mr. Lowery, and/or failed to accommodate Mr. Lowery, but for Mr. Lowery's disability.

100.     Prior to Mr. Lowery's dismissal, he performed his course work at a satisfactory level, as evidenced by a GPA of 3.0 after he received some accommodations and met or exceeded VCOM's legitimate educational expectations.

101.     At all times relevant, VCOM retained substantial control over the context in which the discriminatory conduct occurred.

102.     Because the actions of VCOM employees were taken within the scope of their employment, VCOM is responsible for their actions based upon the doctrine of *respondeat superior.*

103.     As a direct and proximate result of the actions of VCOM, Mr. Lowery has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

104.     At all times material hereto, VCOM engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Lowery so as to support an award of punitive damages.

105.     The above-described acts by VCOM constitute a failure to accommodate

in violation of the Rehabilitation Act of 1973, as amended and codified under 29 U.S.C. §§ 701 *et seq.* ("Rehab Act").

## COUNT V: FAILURE TO ACCOMMODATE IN VIOLATION OF TITLES II AND III OF THE AMERICANS WITH DISABILITIES ACT

106.     Mr. Lowery incorporates by reference herein the preceding paragraphs of this Complaint.

107.     Mr. Lowery is a qualified individual with a disability, to-wit, a traumatic brain injury (TBI).  Mr. Lowery's TBI affects major life activities, such as thinking, concentrating, and remembering; it affected major body systems, such as his brain and nervous system.

108.     Mr. Lowery was able to perform all aspects of VCOM's educational curriculum with accommodation and/or without accommodation, as the specific aspect of the curriculum required.

109.     VCOM receives federal funding, such as through proceeds of federal student loans and/or federal grants. VCOM would not have allowed Mr. Lowery to matriculate as a student without the proceeds of federal student loans and/or federal grants.

110.     VCOM, as an educational institution, is a place of public accommodation subject to Title III of the Americans with Disabilities Act.

111.     VCOM failed to accommodate Mr. Lowery's disability when it initially provided Mr. Lowery with incorrect information on how to seek accommodations, discouraged Mr. Lowery from applying for accommodations, delayed formally rejecting Mr. Lowery's accommodations application, and threatened to dismiss Mr.

18

Lowery over "poor performance" because VCOM refused to accommodate Mr. Lowery.

112.      VCOM reluctantly agreed to provide nominal accommodations after Mr. Lowery retained legal counsel.

113.      VCOM continued to only provide accommodations in its discretion to Mr. Lowery and refused to entertain additional requested accommodations when VCOM's provided accommodations were ineffective.

114.      VCOM violated federal law by permitting an educational environment to exist that was discriminatory to Mr. Lowery based on his disability. VCOM further violated federal law by selectively applying reasonable accommodations and refusing to consider additional accommodations when Mr. Lowery proposed them.

115.      VCOM would not have dismissed Mr. Lowery, and/or subjected Mr. Lowery to discrimination, and/or taken the other discriminatory actions against Mr. Lowery, and/or failed to accommodate Mr. Lowery, but for Mr. Lowery's disability.

116.      Prior to Mr. Lowery's dismissal, he performed his course work at a satisfactory level, as evidenced by a GPA of 3.0 after he received some accommodations and met or exceeded VCOM's legitimate educational expectations. When properly accommodated, Mr. Lowery demonstrated he could perform all course work at a satisfactory level.

117.      At all times relevant, VCOM retained substantial control over the context in which the discriminatory conduct occurred.

118.      Because the actions of VCOM employees were taken within the scope of their employment, VCOM is responsible for their actions based upon the doctrine of

*respondeat superior.*

119.      As a direct and proximate result of the actions of VCOM, Mr. Lowery has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

120.      At all times material hereto, VCOM engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Lowery so as to support an award of punitive damages.

121.      The above-described acts by VCOM constitute a failure to accommodate in violation of Titles II and III of the Americans with Disabilities Act, as amended and codified under 42 U.S.C. §§ 12101 *et seq.* ("ADA").

### COUNT VI: FAILURE TO ACCOMMODATE IN VIOLATION OF THE VIRGINIANS WITH DISABILITIES ACT

122.      Mr. Lowery incorporates by reference herein the preceding paragraphs of this Complaint.

123.      Mr. Lowery is a qualified individual with a disability, to-wit, a traumatic brain injury (TBI).  Mr. Lowery's TBI affects major life activities, such as thinking, concentrating, and remembering; it affected major body systems, such as his brain and nervous system.

124.      Mr. Lowery was able to perform all aspects of VCOM's educational curriculum with accommodation and/or without accommodation, as the specific aspect of the curriculum required.

125.      VCOM receives state funding, such as through proceeds of state grants.

126.      VCOM failed to accommodate Mr. Lowery's disability when it initially

provided Mr. Lowery with incorrect information on how to seek accommodations, discouraged Mr. Lowery from applying for accommodations, delayed formally rejecting Mr. Lowery's accommodations application, and threatened to dismiss Mr. Lowery over "poor performance" because VCOM refused to accommodate Mr. Lowery.

127.     VCOM reluctantly agreed to provide nominal accommodations after Mr. Lowery retained legal counsel.

128.     VCOM continued to only provide accommodations in its discretion to Mr. Lowery and refused to entertain additional requested accommodations when VCOM's provided accommodations were ineffective.

129.     VCOM violated state law by permitting an educational environment to exist that was discriminatory to Mr. Lowery based on his disability. VCOM further violated state law by selectively applying reasonable accommodations and refusing to consider additional accommodations when Mr. Lowery proposed them.

130.     VCOM would not have dismissed Mr. Lowery, and/or subjected Mr. Lowery to discrimination, and/or taken the other discriminatory actions against Mr. Lowery, and/or failed to accommodate Mr. Lowery, but for Mr. Lowery's disability.

131.     Prior to Mr. Lowery's dismissal, he performed his course work at a satisfactory level, as evidenced by a GPA of 3.0 after he received some accommodations and met or exceeded VCOM's legitimate educational expectations. When properly accommodated, Mr. Lowery demonstrated he could perform all course work at a satisfactory level.

132.     At all times relevant, VCOM retained substantial control over the context

21

in which the discriminatory conduct occurred.

133.     Because the actions of VCOM employees were taken within the scope of their employment, VCOM is responsible for their actions based upon the doctrine of *respondeat superior.*

134.     As a direct and proximate result of the actions of VCOM, Mr. Lowery has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

135.     At all times material hereto, VCOM engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Lowery so as to support an award of punitive damages.

136.     The above-described acts by VCOM constitute a failure to accommodate in violation of the Virginians with Disabilities Act, as amended and codified under Va. Code Ann. §§ 5.5-1 *et seq.* ("VDA").

## COUNT VII: RETALIATION IN VIOLATION OF THE REHABILITATION ACT OF 1973

137.     Mr. Lowery incorporates by reference herein the preceding paragraphs of this Complaint.

138.     Mr. Lowery is a qualified individual with a disability, to-wit, a traumatic brain injury (TBI).  Mr. Lowery's TBI affects major life activities, such as thinking, concentrating, and remembering; it affected major body systems, such as his brain and nervous system.

139.     Mr. Lowery was able to perform all aspects of VCOM's educational curriculum with accommodation and/or without accommodation, as the specific

aspect of the curriculum required.

140.     VCOM receives federal funding, such as through proceeds of federal student loans and/or federal grants.

141.     VCOM retaliated against Mr. Lowery for seeking reasonable accommodations when it initially discouraged Mr. Lowery from applying for accommodations by stating that "nobody wants to read" his 300 page medical record, delayed formally rejecting Mr. Lowery's accommodations application, berated Mr. Lowery at the Promotion Board meeting for requesting accommodations, and threatened to dismiss Mr. Lowery over "poor performance" because VCOM refused to accommodate Mr. Lowery.

142.     VCOM reluctantly agreed to provide nominal accommodations after Mr. Lowery retained legal counsel.

143.     VCOM then continued to seek ways to dismiss Mr. Lowery from VCOM and refused to meaningfully consider his appeals when the Promotion Board continually recommended his dismissal.

144.     VCOM violated federal law by permitting an educational environment to exist that was retaliatory to Mr. Lowery when he requested accommodations by seeking to dismiss him from VCOM and finally being successful in dismissing him

145.     VCOM would not have dismissed Mr. Lowery, and/or subjected Mr. Lowery to retaliation, and/or taken the other retaliatory actions against Mr. Lowery, but for Mr. Lowery's disability.

146.     Prior to Mr. Lowery's dismissal, he performed his course work at a

satisfactory level, as evidenced by a GPA of 3.0 after he received some accommodations and met or exceeded VCOM's legitimate educational expectations. When properly accommodated, Mr. Lowery demonstrated he could perform all course work at a satisfactory level.

147.     At all times relevant, VCOM retained substantial control over the context in which the discriminatory conduct occurred.

148.     Because the actions of VCOM employees were taken within the scope of their employment, VCOM is responsible for their actions based upon the doctrine of *respondeat superior.*

149.     As a direct and proximate result of the actions of VCOM, Mr. Lowery has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

150.     At all times material hereto, VCOM engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Lowery so as to support an award of punitive damages.

151.     The above-described acts by VCOM constitute retaliation in violation of the Rehabilitation Act of 1973, as amended and codified under 29 U.S.C. §§ 701 *et seq.* ("Rehab Act").

## COUNT VIII: RETALIATION IN VIOLATION OF
## TITLES II AND III OF THE AMERICANS WITH DISABILITIES ACT

152.     Mr. Lowery incorporates by reference herein the preceding paragraphs of this Complaint.

153.     Mr. Lowery is a qualified individual with a disability, to-wit, a traumatic

24

brain injury (TBI).  Mr. Lowery's TBI affects major life activities, such as thinking, concentrating, and remembering; it affected major body systems, such as his brain and nervous system.

154.     Mr. Lowery was able to perform all aspects of VCOM's educational curriculum with accommodation and/or without accommodation, as the specific aspect of the curriculum required.

155.     VCOM receives federal funding, such as through proceeds of federal student loans and/or federal grants. VCOM would not have allowed Mr. Lowery to matriculate as a student without the proceeds of his federal student loans and/or federal grants.

156.     VCOM, as an educational institution, is a place of public accommodation as defined under Title III of the Americans with Disabilities Act.

157.     VCOM retaliated against Mr. Lowery for seeking reasonable accommodations when it initially discouraged Mr. Lowery from applying for accommodations by stating that "nobody wants to read" his 300 page medical record, delayed formally rejecting Mr. Lowery's accommodations application, berated Mr. Lowery at the Promotion Board meeting for requesting accommodations, and threatened to dismiss Mr. Lowery over "poor performance" because VCOM refused to accommodate Mr. Lowery.

158.     VCOM reluctantly agreed to provide nominal accommodations after Mr. Lowery retained legal counsel.

159.     VCOM then continued to seek ways to dismiss Mr. Lowery from VCOM

and refused to meaningfully consider his appeals when the Promotion Board continually recommended his dismissal.

160.     VCOM violated federal law by permitting an educational environment to exist that was retaliatory to Mr. Lowery when he requested accommodations by seeking to dismiss him from VCOM and finally being successful in dismissing him.

161.     VCOM would not have dismissed Mr. Lowery, and/or subjected Mr. Lowery to retaliation, and/or taken the other retaliatory actions against Mr. Lowery, but for Mr. Lowery's disability.

162.     Prior to Mr. Lowery's dismissal, he performed his course work at a satisfactory level, as evidenced by a GPA of 3.0 after he received some accommodations and met or exceeded VCOM's legitimate educational expectations.

163.     At all times relevant, VCOM retained substantial control over the context in which the discriminatory conduct occurred.

164.     Because the actions of VCOM employees were taken within the scope of their employment, VCOM is responsible for their actions based upon the doctrine of *respondeat superior.*

165.     As a direct and proximate result of the actions of VCOM, Mr. Lowery has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

166.     At all times material hereto, VCOM engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Lowery so as to support an award of punitive damages.

167.     The above-described acts by VCOM constitute retaliation in violation of Titles II and III of the Americans with Disabilities Act, as amended and codified under 42 U.S.C. §§ 12101 *et seq.* ("ADA").

## COUNT IX: RETALIATION IN VIOLATION OF THE VIRGINIANS WITH DISABILITIES ACT

168.     Mr. Lowery incorporates by reference herein the preceding paragraphs of this Complaint.

169.     Mr. Lowery is a qualified individual with a disability, to-wit, a traumatic brain injury (TBI).  Mr. Lowery's TBI affects major life activities, such as thinking, concentrating, and remembering; it affected major body systems, such as his brain and nervous system.

170.     Mr. Lowery was able to perform all aspects of VCOM's educational curriculum with accommodation and/or without accommodation, as the specific aspect of the curriculum required.

171.     VCOM receives state funding, such as through proceeds of state grants.

172.     VCOM retaliated against Mr. Lowery for seeking reasonable accommodations when it initially discouraged Mr. Lowery from applying for accommodations by stating that "nobody wants to read" his 300 page medical record, delayed formally rejecting Mr. Lowery's accommodations application, berated Mr. Lowery at the Promotion Board meeting for requesting accommodations, and threatened to dismiss Mr. Lowery over "poor performance" because VCOM refused to accommodate Mr. Lowery.

173.     VCOM reluctantly agreed to provide nominal accommodations after Mr.

27

Lowery retained legal counsel.

174.      VCOM then continued to seek ways to dismiss Mr. Lowery from VCOM and refused to meaningfully consider his appeals when the Promotion Board continually recommended his dismissal.

175.      VCOM violated state law by permitting an educational environment to exist that was retaliatory to Mr. Lowery when he requested accommodations by seeking to dismiss him from VCOM and finally being successful in dismissing him.

176.      VCOM would not have dismissed Mr. Lowery, and/or subjected Mr. Lowery to retaliation, and/or taken the other retaliatory actions against Mr. Lowery, but for Mr. Lowery's disability.

177.      Prior to Mr. Lowery's dismissal, he performed his course work at a satisfactory level, as evidenced by a GPA of 3.0 after he received some accommodations and met or exceeded VCOM's legitimate educational expectations. When properly accommodated, Mr. Lowery demonstrated he could perform all course work at a satisfactory level.

178.      At all times relevant, VCOM retained substantial control over the context in which the discriminatory conduct occurred.

179.      Because the actions of VCOM employees were taken within the scope of their employment, VCOM is responsible for their actions based upon the doctrine of *respondeat superior.*

180.      As a direct and proximate result of the actions of VCOM, Mr. Lowery has suffered and will continue to suffer pecuniary loss, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

181.     At all times material hereto, VCOM engaged in a discriminatory practice or practices with malice or reckless indifference to the protected rights of Mr. Lowery so as to support an award of punitive damages.

182.     The above-described acts by VCOM constitute retaliation in violation of the Virginians with Disabilities Act, as amended and codified under Va. Code Ann. §§ 51.5-1 *et seq.* ("VDA").

## COUNT X: INTERFERENCE IN VIOLATION OF THE REHABILITATION ACT

183.     Mr. Lowery incorporates by reference herein the preceding paragraphs of this Complaint.

184.     Mr. Lowery is a qualified individual with a disability, to-wit, a traumatic brain injury (TBI).  Mr. Lowery's TBI affects major life activities, such as thinking, concentrating, and remembering; it affected major body systems, such as his brain and nervous system.

185.     Mr. Lowery was able to perform all aspects of VCOM's educational curriculum with accommodation and/or without accommodation, as the specific aspect of the curriculum required.

186.     VCOM receives federal funding, such as through proceeds of federal student loans and/or federal grants.

187.     VCOM interfered with Mr. Lowery seeking reasonable accommodations when it initially discouraged Mr. Lowery from applying for accommodations by stating that "nobody wants to read" his 300 page medical record, delayed formally rejecting

Mr. Lowery's accommodations application, berated Mr. Lowery at the Promotion Board meeting for requesting accommodations, and threatened to dismiss Mr. Lowery over "poor performance" because VCOM refused to accommodate Mr. Lowery.

188.     VCOM reluctantly agreed to provide nominal accommodations after Mr. Lowery retained legal counsel.

189.     VCOM then continued to seek ways to dismiss Mr. Lowery from VCOM and refused to meaningfully consider his appeals when the Promotion Board continually recommended his dismissal after he sought additional accommodations from VCOM and modifications to ineffectual accommodations provided by VCOM.

190.     VCOM violated federal law by permitting an educational environment to exist that was retaliatory to Mr. Lowery when he requested accommodations by seeking to dismiss him from VCOM and finally being successful in dismissing him.

191.     VCOM would not have dismissed Mr. Lowery, and/or subjected Mr. Lowery to discrimination, retaliation, and/or taken the other retaliatory actions against Mr. Lowery, but for Mr. Lowery's disability.

192.     Prior to Mr. Lowery's dismissal, he performed his course work at a satisfactory level, as evidenced by a GPA of 3.0 after he received some accommodations and met or exceeded VCOM's legitimate educational expectations. When properly accommodated, Mr. Lowery demonstrated he could perform all course work at a satisfactory level.

193.     At all times relevant, VCOM retained substantial control over the context in which the discriminatory conduct occurred.

194.     Because the actions of VCOM employees were taken within the scope of their employment, VCOM is responsible for their actions based upon the doctrine of *respondeat superior.*

195.     As a direct and proximate result of the actions of VCOM, Mr. Lowery has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

196.     At all times material hereto, VCOM engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Lowery so as to support an award of punitive damages.

197.     The above-described acts by VCOM constitute interference in violation of the Rehabilitation Act of 1973, as amended and codified under 29 U.S.C. §§ 701 *et seq.* ("Rehab Act").

## COUNT XI: INTERFERENCE IN VIOLATION OF
## TITLES II AND III OF THE AMERICANS WITH DISABILITIES ACT

198.     Mr. Lowery incorporates by reference herein the preceding paragraphs of this Complaint.

199.     Mr. Lowery is a qualified individual with a disability, to-wit, a traumatic brain injury (TBI).  Mr. Lowery's TBI affects major life activities, such as thinking, concentrating, and remembering; it affected major body systems, such as his brain and nervous system.

200.     Mr. Lowery was able to perform all aspects of VCOM's educational curriculum with accommodation and/or without accommodation, as the specific aspect of the curriculum required.

201.     VCOM receives federal funding, such as through proceeds of federal student loans and/or federal grants.

202.     VCOM is an educational institution, meeting the definition of place of public accommodation under Title III of the ADA.

203.     VCOM interfered with Mr. Lowery seeking reasonable accommodations when it initially discouraged Mr. Lowery from applying for accommodations by stating that "nobody wants to read" his 300 page medical record, delayed formally rejecting Mr. Lowery's accommodations application, berated Mr. Lowery at the Promotion Board meeting for requesting accommodations, and threatened to dismiss Mr. Lowery over "poor performance" because VCOM refused to accommodate Mr. Lowery.

204.     VCOM reluctantly agreed to provide nominal accommodations after Mr. Lowery retained legal counsel.

205.     VCOM then continued to seek ways to dismiss Mr. Lowery from VCOM and refused to meaningfully consider his appeals when the Promotion Board continually recommended his dismissal after he sought additional accommodations from VCOM and modifications to ineffectual accommodations provided by VCOM.

206.     VCOM violated federal law by permitting an educational environment to exist that was retaliatory to Mr. Lowery when he requested accommodations by seeking to dismiss him from VCOM and finally being successful in dismissing him.

207.     VCOM would not have dismissed Mr. Lowery, and/or subjected Mr. Lowery to discrimination, retaliation, and/or taken the other retaliatory actions against Mr. Lowery, but for Mr. Lowery's disability.

208.     Prior to Mr. Lowery's dismissal, he performed his course work at a satisfactory level, as evidenced by a GPA of 3.0 after he received some accommodations and met or exceeded VCOM's legitimate educational expectations. When properly accommodated, Mr. Lowery demonstrated he could perform all course work at a satisfactory level.

209.     At all times relevant, VCOM retained substantial control over the context in which the discriminatory conduct occurred.

210.     Because the actions of VCOM employees were taken within the scope of their employment, VCOM is responsible for their actions based upon the doctrine of *respondeat superior.*

211.     As a direct and proximate result of the actions of VCOM, Mr. Lowery has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

212.     At all times material hereto, VCOM engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Lowery so as to support an award of punitive damages.

213.     The above-described acts by VCOM constitute interference in violation of Titles II and III of the Americans with Disabilities Act, as amended and codified under 42 U.S.C. §§ 12101 *et seq.* ("ADA").

WHEREFORE, Plaintiff Charles Marchio Lowery prays for judgment against Defendant Edward Via Virginia College of Osteopathic Medicine for equitable relief, actual damages, compensatory damages, punitive and/or liquidated damages, together

with prejudgment interest, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

CHARLES MARCHIO LOWERY

/s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
Brittany M. Haddox, Esq. (VSB #86416)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB #92598)
Monica L. Mroz, Esq. (VSB # 65766)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
Tel:  540-283-0802
thomas@strelkalaw.com
brittany@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*